UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRETT D. MCDONALD,<br><br>                    Plaintiff,<br><br>    v.<br><br>BORA GURSON, et al.,<br><br>                    Defendants. | CASE NO. C17-0619JLR<br><br>ORDER TO SHOW CAUSE |

## I.    INTRODUCTION

On April 19, 2017, Plaintiff Brett McDonald filed a complaint in this court. (Compl. (Dkt. # 1).) Five days later, Mr. McDonald removed under this cause number a similarly captioned state court action in which he has been named as a defendant. (Not. of Rem. (Dkt. # 3) at 1; *see also id.*, Ex. BB ("State Ct. Compl.").) The court reviewed Mr. McDonald's complaint and notice of removal and finds problems with both filings.

//

## II. BACKGROUND & ANALYSIS

### A. Subject Matter Jurisdiction

First, the court finds that Mr. McDonald's complaint inadequately demonstrates the court's subject matter jurisdiction. Mr. McDonald, proceeding *pro se*, invokes diversity of citizenship as the basis for subject matter jurisdiction. (*See id.* ¶ 7 (citing 28 U.S.C. § 1332).) "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). The complaint names as defendants Bora Gurson, RoxyCar Inc., John Doe LLCs, and John Doe Corporations. (Compl. at 1.) Mr. McDonald alleges that he is a resident of Washington, Mr. Gurson is a Hawaii resident, and RoxyCar is incorporated in Delaware with its principal place of business in Hawaii. (*Id.* ¶¶ 4-6.) However, Mr. McDonald does not allege the domicile of John Doe LLCs and John Doe Corporations.[1]

Although fictitious defendants are not considered for purposes of complete diversity in the removal context, *see* 28 U.S.C. § 1441(b)(1),[2] there is no comparable provision for diversity jurisdiction more generally, *see* 28 U.S.C. § 1332. Thus, complete diversity between Mr. McDonald and the defendants is not clear from the face of the

---

[1] For purposes of assessing diversity jurisdiction, the court must consider the domicile of all members of a limited liability company. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

[2] Mr. McDonald also removed under this cause number a state court action pending in Superior Court for King County. (*See* Not. of Rem. (Dkt. # 3).) The court addresses the improper removal *infra* § II.B. (*See* Dkt.)

complaint. *See Medina v. Chas Roberts Air Conditioning, Inc.*, No. CV 05-4214-PHX-SMM, 2006 WL 2091665, at *6 (D. Ariz. July 24, 2006) (citing *Fifty Assocs. v. Prudential Life Ins. Co. of Am.*, 446 F.2d 1187, 1191 (9th Cir. 1970)) ("The Ninth Circuit has rejected naming 'Doe' defendants in diversity actions, on the grounds that complete diversity cannot exist if the identity and citizenship of some defendants (i.e., the 'Does') are unknown."). The apparent lack of complete diversity renders this court without jurisdiction to hear Mr. McDonald's claims.[3] *See Morris*, 236 F.3d at 1067.

In light of the court's inability to discern whether complete diversity exists, the court orders Mr. McDonald to show cause within fourteen (14) days of the entry of this order why his complaint should not be dismissed for lack of subject matter jurisdiction. Mr. McDonald's response shall be no longer than five (5) pages. To the extent Mr. McDonald's response alters the allegations or parties to this action, he must amend his complaint accordingly.[4] If Mr. McDonald fails to timely comply with this order or otherwise fails to demonstrate the court's subject matter jurisdiction, the court will dismiss the case without prejudice.

---

[3] Although Mr. McDonald has the burden of establishing grounds for subject matter jurisdiction, the court also has the obligation to satisfy itself that it has jurisdiction over a case and to address the issue *sua sponte* if necessary. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002) (citing Fed. R. Civ. P. 12(h)(3)); *accord United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 972 (E.D. Cal. 2004) (quoting *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999)) ("The Court 'ha[s] an independent obligation to address *sua sponte* whether [it] has subject-matter jurisdiction.'").

[4] The court cautions Mr. McDonald "that an amended complaint super[s]edes the original complaint and renders it without legal effect." *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012).

1 | **B.      Notice of Removal**

2 |        Mr. McDonald improperly removed under this cause number the state court

3 | action.  Instead of doing so, Mr. McDonald should have filed the notice of removal under

4 | a new cause number and paid the applicable filing fee.  Accordingly, the court directs the

5 | Clerk to open a new cause number and file the notice of removal in that case and Mr.

6 | McDonald to pay the filing fee in that case within seven days.  The court cautions Mr.

7 | McDonald that if he does not pay the filing fee within seven days, the case may be

8 | dismissed.  If he wishes, Mr. McDonald may note on the civil cover sheet for the

9 | removed action that it is related to this cause number.

10 |                            **III.    CONCLUSION**

11 |        The court ORDERS Mr. McDonald to show cause within fourteen (14) days of the

12 | entry of this order why his complaint should not be dismissed for lack of subject matter

13 | jurisdiction.  Mr. McDonald's response shall be no longer than five (5) pages.  If Mr.

14 | McDonald fails to timely comply with this order or otherwise fails to demonstrate the

15 | court's subject matter jurisdiction, the court will dismiss this case without prejudice.  The

16 | court also DIRECTS the Clerk to open a new cause number and file the notice of removal

17 | (Dkt. # 3) under that number.  The court further DIRECTS Mr. McDonald to pay the

18 | //

19 | //

20 | //

21 | //

22 | //

filing fee in that case within seven (7) days of the entry of this order.  If Mr. McDonald does not pay the filing fee by that date, the case may be dismissed.

Dated this 2nd day of May, 2017.

JAMES L. ROBART
United States District Judge