UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRETT D. MCDONALD,<br><br>      Plaintiff,<br> v.<br><br>BORA GURSON, et al.,<br><br>      Defendants. | CASE NO. C17-0619JLR<br><br>ORDER OF DISMISSAL |

## I. INTRODUCTION

Before the court is Plaintiff Brett D. McDonald's response to the court's order to show cause why this case should not be dismissed for lack of subject matter jurisdiction. (Resp. to OSC (Dkt. # 8); *see also* McDonald Decl. (Dkt. # 8-1); OSC (Dkt. # 5).) Because Mr. McDonald's response inadequately demonstrates the court's subject matter jurisdiction, the court dismisses this matter without prejudice.

//

//

ORDER - 1

## II. BACKGROUND & ANALYSIS

### A. Procedural and Factual Background

On April 19, 2017, Mr. McDonald, who is proceeding *pro se*, filed this lawsuit and invoked diversity of citizenship as the basis for subject matter jurisdiction. (*See* Compl. (Dkt. # 1) ¶ 7 (citing 28 U.S.C. § 1332).) Mr. McDonald's complaint names as defendants Bora Gurson, RoxyCar Inc., John Doe LLCs, and John Doe Corporations (collectively, "Defendants"). (*Id.* at 1.) Mr. McDonald alleges that he is a resident of Washington, Mr. Gurson is a Hawaii resident, and RoxyCar is incorporated in Delaware with its principal place of business in Hawaii. (*Id.* ¶¶ 4-6.) However, Mr. McDonald does not allege the domicile of John Doe LLCs and John Doe Corporations. (*See generally id.*) Because Mr. McDonald did not allege the domicile of John Doe LLCs and John Doe Corporations, the court concluded that complete diversity between Mr. McDonald and Defendants was not clear from the face of the complaint. (*See* OSC at 2-3 (citing 28 U.S.C. § 1332; *Medina v. Chas Roberts Air Conditioning, Inc.*, No. CV 05-4214-PHX-SMM, 2006 WL 2091665, at *6 (D. Ariz. July 24, 2006)).)

Accordingly, the court ordered Mr. McDonald to show cause within 14 days of the court's order why his complaint should not be dismissed for lack of subject matter jurisdiction. (*Id.* at 3.) The court cautioned Mr. McDonald that his failure to demonstrate the court's subject matter jurisdiction would result in the court dismissing this case without prejudice. (*Id.*) Mr. McDonald's response is now before the court. (*See* Resp. to OSC.)

//

## B. Subject Matter Jurisdiction

"Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Although fictitious defendants are not considered for purposes of complete diversity in the removal context, *see* 28 U.S.C. § 1441(b)(1), there is no comparable provision for diversity jurisdiction more generally, *see* 28 U.S.C. § 1332; *Medina v. Chas Roberts Air Conditioning, Inc.*, No. CV 05-4214-PHX-SMM, 2006 WL 2091665, at *6 (D. Ariz. July 24, 2006) (citing *Fifty Assocs. v. Prudential Life Ins. Co. of Am.*, 446 F.2d 1187, 1191 (9th Cir. 1970)) ("The Ninth Circuit has rejected naming 'Doe' defendants in diversity actions, on the grounds that complete diversity cannot exist if the identity and citizenship of some defendants (i.e., the 'Does') are unknown."). For the purposes of diversity jurisdiction, a corporation is a citizen of every state in which it is incorporated and the state that constitutes the corporation's principal place of business, *see* 28 U.S.C. § 1332(c)(1), and a limited liability company ("LLC") is a citizen of every state in which its members are domiciled, *see Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Once the court raises an apparent lack of subject matter jurisdiction, the plaintiff bears the burden of demonstrating the court's subject matter jurisdiction by a preponderance of the evidence. *See Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009); *see also McCoy v. Colvin*, No. CV-15-003344-PHX-DGC, 2016 WL 6522806, at *1 (D. Ariz. Nov. 3, 2016).

//

In his response to the court's order, Mr. McDonald states that Mr. Gurson "owns and controls various LLCs and corporations, through which he engages in the business of the company." (*Id.* at 2; *see also* McDonald Decl. ¶¶ 2-4.) Regarding John Doe LLCs, Mr. McDonald states that they "are all single-member LLCs and therefore only citizens of Hawaii" (*id.*; *see also* McDonald Decl. ¶ 4) and "[a]s single-member LLCs, all John Doe LLCs are citizens only of Hawaii because [Mr.] Gurson is a citizen of Hawaii" (Resp. to OSC at 2). Mr. McDonald further alleges that "[n]o John Doe Corporation is incorporated in Washington" and they all have their principal places of business in Hawaii "because [Mr.] Gurson and no one else, provides the direction, control[,] and coordination of the corporations from Hawaii." (*Id.*; *see also* McDonald Decl. ¶¶ 3, 5.) Based on these contentions and the facts to which he attests in his declaration, Mr. McDonald contends that complete diversity exists. (*See id.* Resp. to OSC at 2-3.)

The court concludes that Mr. McDonald insufficiently demonstrates the court's subject matter jurisdiction. Specifically, for Mr. McDonald's contentions regarding the domicile of John Doe LLCs to demonstrate the court's subject matter jurisdiction, the court would have to infer that Mr. Gurson—a citizen of Hawaii—is the sole member of John Doe LLCs. *See Johnson*, 437 F.3d at 899. However, Mr. McDonald's response and declaration contain insufficient facts for the court to make that inference. (*See generally* Resp. to OSC (failing to state that Mr. Gurson is the sole member of any of John Doe LLCs); McDonald Decl. (same).) Although the court could reasonably infer from Mr. McDonald's allegations that Mr. Gurson is the sole member of John Doe LLCs, the court could equally plausibly infer that Mr. Gurson is a manager of John Doe LLCs.

In addition, although Mr. McDonald contends that none of John Doe Corporations are incorporated in Washington, it is not clear that Hawaii is the principal place of business for John Doe Corporations simply because Mr. Gurson controls the corporations from Hawaii. (*See* Resp. to OSC at 2); 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities," *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010), but Mr. McDonald's response and declaration contain no facts showing that Mr. Gurson is an officer of any of the John Doe Corporations (*see generally* Resp. to OSC; McDonald Decl. ¶ 2 (stating only that Mr. Gurson formed another corporation)). For these reasons, Mr. McDonald fails to demonstrate by a preponderance of the evidence that there is complete diversity between Mr. McDonald and all defendants. *See McCoy*, 2016 WL 6522806, at *1. Because Mr. McDonald fails to establish the court's subject matter jurisdiction, the court dismisses this case without prejudice.

### III. CONCLUSION

For the foregoing reasons, the court DISMISSES this matter without prejudice.

Dated this 8th day of May, 2017.

JAMES L. ROBART
United States District Judge